RECEIVED
IN ALEXANDRIA, LA
DEC 22 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR04-10001-03 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| RASHAD DARNELL SMITH | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Rashad Darnell Smith ("Smith") on April 21, 2006. Smith is contesting his conviction and sentence, entered pursuant to his guilty plea, in the United States District Court for the Western District of Louisiana, Alexandria Division, on one count of assault; Smith was sentenced to 73 months imprisonment, to run consecutively to any other sentence he was already serving.[1] Smith raises the following grounds for relief in his petition:

> 1. Smith's conviction was obtained pursuant to a guilty plea which was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea.

---

[1] Smith and his two codefendants were convicted of assault on their cellmate; the three defendants surrounded the victim while one of them, Alexius Montgomery, slashed at the victim with a razor. See Guilty Plea Transcript, pp. 28-32.

2. Smith's conviction was obtained through use of a coerced confession.

3. Smith's conviction was obtained through use of evidence gained pursuant to an unconstitutional search and seizure.

4. Smith's conviction was obtained through violation of the privilege against self-incrimination.

5. Smith was subjected to double jeopardy.

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts.[2]

## Law and Analysis

### The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th

---

[2] Rule 4(b) states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

2

Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

In the case at bar, Smith's counsel filed an Anders brief on

appeal,[3] and his conviction was affirmed. Since Smith's proceedings were reviewed for non-frivolous errors by the court of appeal, Smith's constitutional claims may be considered to have been raised on appeal and do not appear to be procedurally defaulted.

Ground No. 1 - Voluntariness of Smith's Guilty Plea

First, Smith contends his conviction was obtained pursuant to a guilty plea which was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea. Smith alleges his lawyer knew he did not stab anyone, but that co-defendant Alexius Montgomery stabbed the victim. Smith argues his lawyer advised him to plead guilty to a crime he did not commit.

During the plea colloquy, the district judge advised the defendants as to the law of principals and the concepts of aiding and abetting.

The Fifth Circuit has consistently held that a guilty plea will be upheld as voluntary even if the trial judge failed to explain the offense if the record shows that the defendant understood the charge and its consequences. U.S. v. Reyna, 130 F.3d 104, 112 (5th Cir. 1997), cert. den., 523 U.S. 1033, 118 S.Ct. 1328 (1998), and cases cited therein. Moreover, it may be

---

[3] An Anders brief is filed only if appellate counsel sees no viable issues to be raised on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4

appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. Henderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976). Thus, the relevant question when a guilty plea is taken before a trial judge is not whether the judge supplied the critical information, but whether the defendant had knowledge of the information. Wolfe v. Puckett, 780 F.Supp. 408, 415 (N.D.Miss. 1991). Also, Buckley v. Butler, 825 F.2d 895, 899-900 (5th Cir. 1987), cert. den., 486 U.S. 1009, 108 S.Ct. 1738 (1988).

The transcript of the plea hearing establishes that the district judge explained the law as to principals[4] and aiding and abetting to Smith and his codefendants, and explained they could all be charged, tried, and punished in a like manner simply because of their complete participation in the offense, even if they did not at any moment actually hold the weapon; Smith stated he understood the charge and did not have any questions about it (Plea Hearing Tr. p. 17). At Smith's sentencing, the district judge again explained that, since Smith was a principal to the offense to

---

[4] The definition of "principal" is found in 18 U.S.C. § 2:
§ 2. Principals.
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

5

which he had pleaded guilty, he would have a four-point increase in his offense level for use of a dangerous weapon in the assault, regardless of whether Smith actually wielded the weapon (Sent. Tr. pp. 4-5).

The evidence of record shows Smith was fully informed and understood the charge to which he pleaded guilty; Smith has not introduced any evidence to indicate otherwise and it is noted that Smith had counsel who presumably explained the charge to him, also.

Therefore, this ground for relief is meritless.

Ground NO. 2 - Coerced Confession

Next, Smith alleges his conviction was obtained through use of a coerced confession. Smith contends his attorney coerced him into pleading guilty even though he was aware Smith had not actually stabbed or cut the victim.

As discussed above, Smith could be found guilty of assault with a dangerous weapon as a principal, he need not have actually stabbed or cut the victim; it is enough that he assisted codefendant Montgomery in doing so. Apparently, Smith's attorney informed Smith of the correct law applicable to his case and offense; that does not constitute coercion. Moreover, as discussed above, Smith stated at his plea hearing that he understood the judge's explanation of the offense and the law of principals (Plea Hearing Tr. pp. 17-18), and stated that no one had threatened him or forced him to plead guilty (Tr. pp. 14-15).

There is nothing in the transcript of the plea hearing which suggests coercion or duress. Smith's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir.2001). Great weight is afforded to the defendant's statements at the plea colloquy. United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Therefore, Smith's sworn statements preclude the relief he seeks here.

### Grounds Nos. 3 & 4 - Search and Seizure

Smith also contends his conviction was obtained through use of evidence gained pursuant to an unconstitutional search and seizure in violation of the Fourth Amendment, and in violation of Smith's Fifth Amendment right against self-incrimination.

A knowing and voluntary plea of guilty waives all preceding nonjurisdictional defects, including Fourth and Fifth Amendment claims. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969); Beasley v. McCotter, 798 F.2d 116, 118-19 (5th Cir.1986), cert. denied, 479 U.S. 1039, 107 S.Ct. 897 (1987); Norman v. McCotter, 765 F.2d 504, 511 (5th Cir. 1985); United States v. Diaz, 733 F.2d 371, 376 n. 2 (5th Cir. 1984).

Since Smith waived these claims when he entered his guilty plea, these grounds for relief are meritless.

### Ground No. 5 - Double Jeopardy

Finally, Smith contends he was subjected to double jeopardy

because he convicted as challenged herein, and was also subjected to disciplinary proceedings for the same conduct, for which he lost good time and privileges.

A guilty plea waives a double jeopardy claim unless either the knowing and voluntary nature of the plea is challenged or the double jeopardy violation is discernible on the face of the indictment or record. Taylor v. Whitley, 933 F.2d 325, 327-28 (5th Cir. 1991), cert den., 503 U.S. 988, 112 S.Ct. 1678 (1992). As discussed above, Smith has failed to demonstrate his guilty plea was unknowingly or involuntarily entered. Since Smith was only charged with one count in the indictment (Doc. Item 1), there is no discernible double jeopardy violation on the face of his indictment.

Nor is there a double jeopardy violation on the face of the record. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. United States v. Ursery, 518 U.S. 267, 273, 116 S.Ct. 2135 (1996). The Double Jeopardy Clause is not implicated by prison disciplinary proceedings because disciplinary proceedings do not constitute criminal prosecutions or result in a criminal conviction which subjects a prisoner to double jeopardy. See U.S. v. Galan, 82 F.3d 639, 640 (5th Cir.), cert. den., 519 U.S. 867, 117 S.Ct. 179 (1996) ("prison disciplinary

proceedings do not bar future criminal prosecutions"); <u>Turner v. Johnson</u>, 46 F.Supp.2d 655 (S.D.Tex. 1999), and cases cited therein.

Since Smith was not subjected to double jeopardy, this ground for relief is meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Smith's motion to vacate, set aside or correct sentence be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of December, 2006.

　　　　　　　　　　　　　　　　　JAMES D. KIRK
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE